RAGON *v.* BEAKLEY.

Opinion delivered October 25, 1920.

DRAINS—POWER OF COURT TO EXCLUDE LANDS FROM DISTRICT.—Under Acts 1913, No. 177, amending Acts 1909, No. 279, providing that the original petition for a drainage district shall describe "generally the region which it is intended shall be embraced within the district," and authorizing any property owner to appear before the county court and show cause why his lands should not be included in the district, *held* that the court may at the hearing exclude lands included in the petition without invalidating the district.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Jas. B. Gray,* for appellant.

The chancellor erred in sustaining the demurrer and dismissing the complaint because the county court had no authority to omit the lands mentioned in the petition, notice and engineer's report. Act 279, Acts 1909, p. 829; act 221, Acts 1911, p. 193; 125 Ark. 388; 132 *Id.* 328.

*Morris, Morris & Williams,* for appellees.

The chancellor was correct in sustaining the demurrer, as the complaint did not state facts to constitute a cause of action. No lands are included in the order creating the district that are not plainly described in the original action, published notice and engineer's report.

132 Ark. 330. Appellant's complaint is a mere collateral attack on the judgment of the county court. He and all other owners of land in the district had notice and their day in court; they made no complaint and took no appeal. The county court judgment is not void simply because it omitted lands which the court found were not benefited and which were included in the published notice, and the variance between the order and enginer's report is immaterial.

SMITH, J. Appellant is a property owner in the Clear Creek Drainage District of Pulaski County, Arkansas, and seeks by this suit to enjoin the commissioners of the district from proceeding further with the improvement. As ground for this action, he alleges that the order establishing the district is void because certain lands embraced in the original petition of the property owners for the establishment of the district, and in the report of the preliminary survey by the engineer, and in the published notice of the hearing on the establishment of the district, were excluded from the district as established by the court. It is admitted, however, that the second petition of the property owners embraced a majority in number, in acreage, and in value, of the owners of property lying within the district there described.

In other words, the insistence appears to be that the district should have included all the lands which—according to the report of the engineer—would have been benefited by the proposed improvement. But no such conclusive effect is to be given to the engineer's report. The district is established by the court, and not by the engineer, and, as showing that the report of the engineer is not conclusive, the statute provides for a hearing by the court after the report of the engineer has been filed and notice thereof given, and it is at this hearing that opportunity is afforded to show cause for and against the establishment of the district, and any particular property owner would have the right to show,

notwithstanding the report of the engineer, that his lands should not be included in the district.

Such hearing might develop that lands not embraced in the original petition would be benefited, and should, therefore, be included in the district, and provision is made in the statute by which this may be done. Section 7 of act No. 177 of the Acts of 1913, page 738, amending section 7 of act No. 277 of the Acts of 1909.

The original petition is tentative. The provision of the statute is that it shall describe "generally the region which it is intended shall be embraced within the district," and the engineer's report is advisory, and not conclusive. In the case of *Jones* v. *Fletcher,* 132 Ark. 332, it is said: "It is clear, therefore, from the language of the statute, that the final boundaries of the district are to be determined by the court, and are not confined to the area described in the original petition, as the survey, which is made subsequent to the filing of the original petition, necessarily serves as a guide to the court in determining what property will be affected by the improvement."

It will be borne in mind that this case is not here on appeal from the order of the county court excluding certain lands from the district, and the propriety of that action is not before us. The question here involved is one of power only, and, as we think the county court had the right to exclude from the district lands embraced in both the original petition of the property owners and in the report of the engineer—upon a hearing on this petition and report, and a finding that that action should be taken —the decree of the court below, dismissing appellant's prayer for an injunction, is affirmed.