JIM ALLEN, ET AL v. THE TRI-COUNTY WATERSHED IMP. DISTRICT

5-4731                                   435 S.W. 2d 796

Opinion Delivered December 23, 1968
[Suppl. opinion on denial of rehearing January 27, 1969, p. 1060.]

906

*Fred Livingston* and *Chas. F. Cole* for appellants

*D. Leonard Lingo* & *Harry L. Ponder* for appellee.

CONLEY BYRD, Justice.   Appellants Jim Allen et al by this appeal contest the legality of the formation of a watershed improvement district under Ark. Stat. Ann. § 21-901—§ 21-934 (Repl. 1956 and Supp. 1967).   For reversal of the chancellor's decree forming the district they rely upon the following points:

I. The order creating the district does not conform to the petition.

II. The number of valid signatures on the petition as determined by the court is not correct.

III. The names of numerous signers to the petition should have been deleted due to misrepresentation amounting to fraud.

The record shows that the engineering work was done by the United States Department of Agriculture Soil Conservation Service after the petition was signed by the landowners but before the petition was presented to the Court pursuant to Ark. Stat. Ann. § 21-906 (Supp. 1967). The petition itself covered 75,183.08 acres. According to the contour lines surveyed by the engineers 31,093 acres would be benefited by the district. However when the contour lines were converted to conventional land lines by ten acre calls for purposes of publishing the required notice, the total acreage increased to 42,479.70 acres—the latter increase being due to the fact that the total land call was included even though only a portion thereof would be within the benefited area according to the contour lines.

Hearings on the petition and objections thereto were commenced on August 17, 1967, and continued for several days on the issues of whether the petition contained a majority of the landowners both in numbers and valuation.

November 28, 1967, owners of land covering 1,710.57 acres, not within the above descriptions, filed a separate petition asking that their lands be added to the improvement district if the district was formed.

December 14th, the trial court from the bench directed the formation of the district covering the 42,-479.70 acres and immediately took up the petition of the owners of the 1,710.57 acres and directed that those lands be included within the district.

The order from which appellants appeal covered only the 42,479.70 acres, but when they complained in their brief that the order creating the district did not conform to the directions of the court in forming the district, we remanded the record to the trial court, at the request of the appellee district, for the purpose of entering a nunc pro tunc order covering the 1,710.57 acre addition.

Point I. In addition to the facts set forth above, appellants contend that the 42,479.70 acre description includes 2,009.10 acres not covered by the petition. For purposes of this opinion, we assume that they are correct in this assertion.

Under Ark. Stat. Ann. § 21-905 (Supp. 1967) we find that a majority of the landowners both in value and numbers may petition for the formation of an improvement district by " ... describing generally the region which it is intended shall be included within the district ...." Upon the filing of the petition the court is directed to appoint an engineer whose duties shall be " ... to make a survey and ascertain the limits of the region which would be benefited by the proposed improvements ...."

In *Ragon* v. *Beakley*, 145 Ark. 505, 224 S.W. 946 (1920) we had before us a drainage district in which it was contended that the formation was invalid because the district as formed did not conform to the petition. We there said:

"The original petition is tentative. The provision of the statute is that it shall describe 'generally the region which it is intended shall be embraced within the district,' and the engineer's report is advisory, and not conclusive. In the case of *Jones* v. *Fletcher*, 132 Ark. 332, it is said: 'It is clear, therefore, from the language of the statute, that the final boundaries of the district are to be

determined by the court, and are not confined to the area described in the original petition, as the survey, which is made subsequent to the filing of the original petition, necessarily serves as a guide to the court in determining what property will be affected by the improvement.' "

In *Mahan* v. *Wilson*, 169 Ark. 117, 273 S.W. 383 (1925), it was urged that the published notice of the proposed drainage district was insufficient because it omitted certain tracts contained in the original petition. It was there pointed out that the omission was not error as the report of the engineer was the thing which was the basis for the court's action in forming the district.

Under the statutory authority here involved, we find no error of the court in excluding lands within the petition but outside the region to be benefited as shown by the engineering report. Likewise we find no error by the inclusion of lands not within the original petition so long as they are within the benefited area and received the proper notice.

Since the trial court directed the formation of the district in accordance with the engineering report before acting on the petition of others who sought to add their lands to the district pursuant to Ark. Stat. Ann. § 21-910 (Repl. 1956), we are unable to see how this gives appellants any standing to challenge the formation of the district. Consequently we find no merit in the contention that the formation decree did not comply with the directions of the court—i.e., to the extent that the order entered by the Court did not affect the 1,710.57 acres.

Point II. The proof as to the number of land owners within the area to be benefited as shown by the engineering report was given by Mr. Fleer Harris who said that there were 423 landowners as reflected by the assessment records. To this number, appellants contend,

there should be added the wives of six landowners who owned land by the estate of the entirety. We agree with appellant that, in accordance with *Gardner* v. *Bullard*, 241 Ark. 75, 406 S.W. 2d 368 (1966), both owners of an estate by the entirety are to be counted as landowners in determining the number of landowners within a district. The only trouble with appellants' contention here is that the testimony of T. H. Weaver and Homer Bell fails to show whether lands owned by them by the entirety are within the district. However when we give appellants credit for the other four wives, we then have a total of 427 landowners within the district.

For the other leg of their argument, appellants allege that 33 names should be deducted from the 246 petition signatures because of duplication, failure to attest a corporate seal and unauthorized signatures. One name alleged to be a duplication is Jora Milligan, but when we review appellants' calculation of the number of petitioners we find that on page 30 of the record, they did not include Mrs. Milligan's name when arriving at the 246 number and that therefore they are not entitled to subtract her name as a duplication unless it is also added to the total number of signers. Appellants also complain that Adrian Ross, Sr's name was signed by his son without authorization and that George Van Shaver did not sign the petition. We are unable to find any proof relative to Ross's signature and the Court, in comparing the signatures of Shaver given at the trial with the signature on the petition, could have found that Shaver signed the petition. Thus in recomputing the alleged duplications, deletions, etc., not more than 30 names could be deducted from the alleged 246 signers. This would still leave 216 signers, more than half of the 427 landowners.

Thus it is seen that even if the Court did err in his calculation of the number of signers, his error is harmless since there is still a majority of the landowners on the petition.

Point III. Under this point appellants offered proof that in many instances only a single sheet of paper was presented to them for signing, not a whole petition, and in other instances that they were induced to sign the petition by the representation that the petition was to arrange for a survey to determine the feasibility of forming a district. The proof offered by appellants in this respect was contradicted by the petition circulators. Looking only at the cold record, we are not in a position to say that the Chancellor's finding contrary to appellants' argument is against the weight of the evidence.

In their reply brief appellants contend that we should not have reinvested the trial court with jurisdiction for purposes of entering the nunc pro tunc order affecting the 1,710.57 additional acres. As pointed out above we do not see how appellants were prejudiced by the procedure but in any event we consider the procedure to be authorized by Ark. Stat. Ann. §27-2129.1 (Repl. 1962) for purposes of making the record speak the truth.

Affirmed.